IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

DALE SANDERS, JENNIFER FORTSON, \*
LATRICE MOON, PAMELA HAWKINS,
CHRISTOPHER THORNTON, and  \*
others similarly situated,
                                \*
    Plaintiffs,
                                \*
vs.
                                \*   CASE NO. 3:07-CV-123(CDL)

KAVE ENTERPRISES, LLC, and      \*
DAVID L. PATTERSON,
                                \*
    Defendants.
                                \*

## O R D E R

Presently pending before the Court are Defendants' Joint Motion to Stay the Proceedings (Doc. 10), Joint Motion to Compel Arbitration (Doc. 9), and Withdrawal of Defendants' Joint Motion to Compel Arbitration (Doc. 23). For the following reasons, the Court grants Defendants' motion to stay with respect to all claims by Plaintiffs Sanders and Fortson. The Court denies Defendant's motion to stay with respect to all claims by Plaintiffs Moon, Hawkins, and Thornton. The Court also grants Defendants' withdrawal of their motion to compel arbitration and denies Defendants' motion to compel arbitration as moot.

### FACTUAL BACKGROUND

The present record reveals the following: Defendant Kave Enterprises, LLC ("Kave") and Defendant Dave Patterson ("Patterson")

1

operate several Jackson Hewitt tax preparation franchises in Georgia and South Carolina. Plaintiffs were hired by Defendants in various capacities.[1] Upon being hired, each Plaintiff signed a contract containing an arbitration clause. In its entirety, the arbitration clause provides:

> Any claim or controversy that arises out of or relates to this agreement, or the breach of it, shall be settled by arbitration in accordance with the rules of the American Arbitration Association. Judgment upon the award rendered may be entered in any court with jurisdiction. Arbitration will take place in Pickens, SC or other location named by the Company.

(Ex. A to Defs.' Reply Br. in Supp. of Def.'s Joint Mot. to Compel Arbitration at ¶ 19 [hereinafter Defs.' Reply].)

Plaintiffs bring this action, on behalf of themselves and other similarly situated employees of Defendants, asserting claims for: (1) unpaid overtime compensation, under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*; (2) unpaid minimum wages, under the FLSA and the Georgia Minimum Wage Law, O.C.G.A. § 34-4-1 *et seq.*; (3) breach of contract; (4) deceptive trade practices, under the Uniform Deceptive Trade Practices Act ("UDTPA"), O.C.G.A. § 10-1-370 *et seq.*; (5) unfair business practices, under the UDTPA; (6) illegal wiretapping, under the Electronic Communications Privacy Act of 1986, 18 U.S.C. § 2510 *et seq.*, and O.C.G.A. § 16-11-62 *et seq.*; (7) invasion of privacy; and (8) racketeering, under the federal and

---

[1]Plaintiff Sanders was the manager at the Elberton, Georgia office and also oversaw other north Georgia offices; Sanders also prepared tax returns. Plaintiffs Fortson, Hawkins, and Thornton were tax preparers. Plaintiff Moon was a receptionist at the Elberton office.

2

Georgia RICO provisions, 18 U.S.C. § 1961 *et seq.* and O.C.G.A. § 16-14-1 *et seq.*

On December 11, 2007, Defendants filed a motion to compel arbitration and a motion to stay these proceedings pending resolution of the arbitration in accordance with the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq.* Plaintiffs contend that the arbitration clause in the parties' contract is unenforceable because (1) the parties' agreement to arbitrate is not valid; (2) Plaintiffs' claims are not covered under the arbitration agreement; and (3) due to Defendants' conduct, Plaintiffs were unaware of the existence of the arbitration agreement before litigation commenced, and therefore Defendants should be equitably estopped from suggesting that Plaintiffs failed or refused to arbitrate. On January 7, 2008, Defendants filed a motion to withdraw its motion to compel arbitration. For the following reasons, the Court grants Defendants' motion to stay in part and denies it in part, grants Defendants' withdrawal of their motion to compel arbitration, and denies Defendants' motion to compel arbitration as moot.

## DISCUSSION

Preliminarily, the Court finds no legitimate reason to reject Defendant's withdrawal of its previously filed motion to compel arbitration. Therefore, Defendants' motion to compel arbitration is denied as moot, and to the extent that Defendants' withdrawal of that motion is to be construed as a motion for withdrawal, that motion is granted. The remaining motion presently pending before the Court

3

requires the Court to determine whether the claims asserted in this action should be stayed while the arbitrable claims are arbitrated in South Carolina.

Defendants move to stay proceedings in this Court pending the South Carolina arbitration. Section 3 of the FAA provides:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

9 U.S.C. § 3. The language of § 3 indicates that the grant of a stay is mandatory so long as the court is satisfied that the parties to the litigation agreed to arbitrate the matter in dispute. *Id.* (stating "the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, *shall . . . stay* the trial of the action" (emphasis added)). The FAA also permits a court to grant a motion for stay even if it does not have the authority to compel the arbitration. *See Shanferoke Coal & Supply Corp. v. Westchester Serv. Corp.*, 293 U.S. 449, 453 (1935) (holding that "there is no reason to imply that the power to grant a stay is conditioned upon the existence of power to compel arbitration in accordance with section 4 of the [FAA]" (footnote omitted)). An

interlocutory appeal may be taken from a lower court order denying a stay of any action under § 3. 9 U.S.C. § 16(a)(1)(A).

The FAA strongly favors arbitration, providing that arbitration agreements are "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. As a prerequisite to the grant of a stay under § 3, however, the district court in which the case is pending must first satisfy itself (1) that the issues involved are within the scope of the arbitration agreement, i.e., that the issues are "referable to arbitration," and (2) that there is a valid written agreement to arbitrate. *See Wick v. Atl. Marine, Inc.*, 605 F.2d 166, 168 (5th Cir. 1979) (requiring the court to analyze whether an arbitration clause is valid or induced by fraud before granting a stay);[2] *see also Haluska v. RAF Fin. Corp.*, 875 F. Supp. 825, 828-29 (N.D. Ga. 1994) (granting motion to stay after analyzing enforceability of arbitration agreement).

Based upon the present record, the Court finds that Plaintiffs Dale Sanders and Jennifer Fortson signed an employment contract containing the arbitration clause previously described. Defendants have failed to produce employment contracts containing arbitration clauses signed by the other Plaintiffs, Latrice Moon, Pamela Hawkins, and Christopher Thornton. Therefore, the Court is not satisfied,

---

[2]In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

based upon the present record, that Plaintiffs Moon, Hawkins and Thornton agreed to arbitrate their claims. Accordingly, the Court denies Defendants' motion to stay as to Moon, Hawkins, and Thornton.[3]

To determine whether Defendants' motion to stay should be granted as to Plaintiffs Sanders and Fortson, the Court must evaluate whether the contracts they each signed containing the arbitration clause are binding agreements to arbitrate, and if they are, whether the arbitration clause covers the claims asserted in this action.

The FAA provides that "[a] written provision in any . . . contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract . . . shall be valid, irrevocable, and enforceable[.]" 9 U.S.C. § 2. Accordingly, the Eleventh Circuit has held that "[u]nder normal circumstances, an arbitration provision within a contract admittedly signed by the contractual parties is sufficient to require the district court to send any controversies to arbitration." *Chastain v. Robinson-Humphrey Co., Inc.*, 957 F.2d 851, 854 (11th Cir. 1992) (citation and footnote omitted); *accord Jenkins v. First Am. Cash Advance of Ga.*, 400 F.3d 868, 881 (11th Cir. 2005). The parties' signatures indicate that "the parties have at least presumptively

---

[3]The Court recognizes that it may in its discretion stay litigation by non-arbitrating parties pending the outcome of the arbitration of arbitrable claims. *See Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 21 n.23 (1983). However, in this case, the Court finds that while all Plaintiffs share similar theories of recovery, they each assert separate identifiable claims. Therefore, the Court declines to require those parties who never agreed to arbitrate to wait to pursue their claims until after those parties who did agree to arbitrate conclude their arbitration.

6

agreed to arbitrate any disputes, including those disputes about the validity of the contract *in general*" since "the making of the arbitration agreement *itself* is rarely in issue when the parties have signed a contract containing an arbitration provision[.]" *Chastain*, 957 F.2d at 854 (citations omitted) (emphasis in original).

The signatures of Sanders and Fortson are evident on the face of their employment agreements. (Ex. A to Defs.' Reply at 3; Ex. "Fortson Contract" at 3.) Moreover, the entire contracts are only three pages long, and the arbitration clause is contained on the signature page in a separate numbered paragraph preceded by the bold-faced heading "**Settlement by Arbitration**." (*Id.*) Given these facts, and the absence of any allegation that either Sanders or Fortson were coerced, misled, or forced into signing the arbitration agreement, the Court finds that Sanders and Fortson's signatures indicate that they knew about the arbitration agreement and assented to it. *See Chastain*, 957 F.2d at 854. The Court therefore rejects Sanders' and Fortson's argument that their lack of knowledge of the arbitration provision leads to the conclusion that they did not intend to be bound by it.

The Court must next determine whether the arbitration provision is invalidated "upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The Eleventh Circuit has observed that "arbitration clauses [are] separable from the contracts in which they [are] included." *John B. Goodman Ltd. P'Ship*

7

*v. THF Constr., Inc.*, 321 F.3d 1094, 1095 (11th Cir. 2003) (per curiam) (citations omitted). Accordingly, a district court must confine its validity analysis to the arbitration agreement itself. *See Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 404 (1967) (holding that "in passing upon a § 3 application for a stay while the parties arbitrate, a federal court may consider only issues relating to the making and performance of the agreement to arbitrate"). In determining the enforceability of the arbitration provision itself, "[t]he FAA preempts state law to the extent it treats arbitration agreements differently than other contracts." Furthermore, "state law generally governs whether an enforceable contract or agreement to arbitrate exists." *Caley v. Gulfstream Aerospace Corp.*, 428 F.3d 1359, 1367-68 (11th Cir. 2005) (internal citations omitted). The federal policy favoring arbitration also weighs heavily even when a court is resolving questions of state law contract interpretation. *Id.* at 1368 (citing *Cooper v. MRM Inv. Co.*, 367 F.3d 493, 498 (6th Cir. 2004)).

Plaintiffs contend that the arbitration agreements are not enforceable because they are unconscionable. Pretermitting whether Georgia or South Carolina law governs this determination, it is clear that these agreements are not unconscionable under the law of either state. *See, e.g., Holler v. Holler*, 364 S.C. 256, 269, 612 S.E.2d 469, 476 (2005) ("Unconscionability is the absence of meaningful choice on the part of one party due to one-sided contract provisions, together with terms which are so oppressive that no reasonable person

8

would make them and no fair and honest person would accept them." (citations omitted)); *Results Oriented, Inc. v. Crawford*, 245 Ga. App. 432, 441, 538 S.E.2d 73, 81 (2000), *aff'd* 273 Ga. 884, 548 S.E.2d 342 (2001) ("[An unconscionable contract] is an agreement that no sane person not acting under a delusion would make and that no honest person would take advantage of." (internal quotation marks and citation omitted)). Plaintiffs have failed to point to sufficient evidence supporting their argument that the arbitration clause is unconscionable.

Based on the foregoing, the Court finds, for purposes of the pending motion to stay, that Plaintiffs Sanders and Fortson entered into valid, enforceable arbitration agreements. The Court must now determine whether it is satisfied that the claims asserted in this action are covered by the arbitration agreements such that Plaintiffs' claims in this action should be stayed pending the arbitration of covered claims.

Determining the scope of an arbitration agreement "requires [the Court] to apply basic principles of contract interpretation while mindful of the federal policy in favor of arbitration." *Ivax Corp. v. B. Braun of Am., Inc.*, 286 F.3d 1309, 1320 (11th Cir. 2002) (citation omitted). The Eleventh Circuit has held "that the FAA creates a presumption in favor of arbitrability; so, parties must clearly express their intent to exclude categories of claims from their arbitration agreement." *Id.* (internal quotation marks and citation omitted); *accord Oldroyd v. Elmira Sav. Bank, FSB*, 134 F.3d

72, 74, 76 (2d Cir. 1998) (finding that an arbitration clause requiring arbitration of "[a]ny dispute, controversy or claim arising under or in connection with" the employment contract at issue created a "presumption of arbitrability which is only overcome if it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that [it] covers the asserted dispute" (internal quotation marks, citations, and emphasis omitted) (second alteration in original)). Of course, parties may not be required "to arbitrate when they have not agreed to do so." *Ivax Corp.*, 286 F.3d at 1320 (internal quotation marks and citation omitted).

In this case, Sanders and Fortson agreed to a broad arbitration agreement providing that "[a]ny claim or controversy that arises out of or relates to this agreement, or the breach of it, shall be settled by arbitration . . . ." (Ex. A to Defs.' Reply Br. at ¶ 19.) This arbitration agreement creates a presumption of arbitrability that can be overcome only by evidence of the parties' clear intent to exclude certain types of claims from arbitration. *See Oldroyd*, 134 F.3d at 76. Plaintiffs' complaint includes claims for breach of contract, unpaid overtime and minimum wages, deceptive trade practices, unfair business practices, illegal wiretapping, invasion of privacy, and racketeering. It is clear that one or more of these claims arises out of, or relates to, the employment agreement and/or the breach of it. Furthermore, Plaintiffs have produced no evidence that any particular claim was intended to be excluded. Mindful that

10

"any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration," *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983), the Court is satisfied that one or more of Plaintiff's claims is subject to arbitration.

Based on the present record and for purposes of the pending motion to stay, the Court finds that Sanders and Fortson entered into valid and enforceable arbitration agreements and that one or more of their claims in this action are within the scope of their agreements. Accordingly, the Court is required to issue a stay pursuant to § 3 of the FAA as to any arbitrable claim.[4] The Court also observes that its ruling today does not permanently establish the extent of the arbitrability of Plaintiffs' claims. That issue will ultimately be resolved in the South Carolina forum. 9 U.S.C. § 4; *see also Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 626 (1985) (observing that "the first task of a court asked to compel arbitration of a dispute is to determine whether the parties agreed to arbitrate that dispute"). Today's ruling simply holds that based upon the present record, the Court is satisfied that one or

---

[4] Although some of Sanders and Fortson's claims may not be "referable to arbitration," the Court may use its discretion to stay the litigation of even those claims. *See, e.g., Klay v. All Defendants*, 389 F.3d 1191, 1204 (11th Cir. 2004) ("When confronted with litigants advancing both arbitrable and nonarbitrable claims, . . . courts have discretion to stay nonarbitrable claims." (citations omitted)); *accord Summer Rain v. Donning Co./Publishers, Inc.*, 964 F.2d 1455, 1461 (4th Cir. 1992) ("The decision whether to stay the litigation of the non-arbitrable issues is a matter largely within the district court's discretion to control its docket." (citation omitted)).

more of Plaintiffs Sanders' and Fortson's claims is covered by a valid and enforceable arbitration agreement such that their claims in this Court should be stayed pending arbitration.

CONCLUSION

For the reasons stated herein, the Court:

(1) Grants Defendants' Joint Motion to Stay the Proceedings (Doc. 10) as to Plaintiffs Sanders and Fortson;

(2) Denies Defendants' Joint Motion to Stay the Proceedings (Doc. 10) as to Plaintiffs Moon, Hawkins, and Thornton;

(3) Grants Defendants' Withdrawal of Joint Motion to Compel Arbitration (Doc. 23);

(4) Denies Defendants' Motion to Compel Arbitration (Doc. 9) as moot; and

(5) Orders Defendants to file a status report with this Court within 60 days from the date of this Order, informing the Court as to the progress of the arbitration in South Carolina.

IT IS SO ORDERED, this 30th day of January, 2008.

S/Clay D. Land
CLAY D. LAND
UNITED STATES DISTRICT JUDGE