IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

DALE SANDERS, JENNIFER FORTSON, *
LATRICE MOON, PAMELA HAWKINS,
CHRISTOPHER THORNTON, and *
others similarly situated,
                                                  *

    Plaintiffs,
                                                  *

vs.
                                                  *      CASE NO. 3:07-CV-123(CDL)

KAVE ENTERPRISES, LLC, and *
DAVID L. PATTERSON,
                                                  *

    Defendants.
                                                  *

## O R D E R

The Court presently has pending before it Plaintiffs' Motion to Declare Alleged Noncompetition and Nonsolicitation Provisions Unenforceable, or in the alternative, For Partial Summary Judgment (Doc. 22). Plaintiffs seek a declaration that the non-competition provisions contained in their employment contracts are unenforceable under Georgia law. The Court denies Plaintiffs' motion based upon the present record.

The Court's Order of January 30, 2008 stayed the claims of Plaintiffs Sanders and Fortson because their employment contracts included enforceable arbitration clauses requiring arbitration of any dispute over the terms of the employment contract. (Doc. 30.) Therefore, the motion for declaratory relief is denied as to Plaintiffs Sanders and Fortson.

The remaining Plaintiffs have avoided arbitration thus far because no party has produced the employment contracts which allegedly include the same arbitration clauses that are included in the Sanders and Fortson contracts. Those same contracts also include the non-competition provisions that are the subject of Plaintiffs' motion for declaratory relief. Plaintiffs cannot have it both ways. They cannot avoid arbitration based upon the absence of a contract that allegedly contains an arbitration clause while they simultaneously seek declaratory relief regarding non-competition provisions in that same contract. To the extent that Plaintiffs have not produced the employment contracts, they are not entitled to declaratory relief regarding provisions in a non-existent contract. To the extent that Plaintiffs have now produced the contracts, they would be required to arbitrate their claims, and the claims asserted in this lawsuit would be stayed pending that arbitration. Either way, declaratory relief is not appropriate at this time. Accordingly, Plaintiffs' motion for declaratory relief and partial summary judgment (Doc. 22) is denied.

IT IS SO ORDERED, this 13th day of February, 2008.

S/Clay D. Land
CLAY D. LAND
UNITED STATES DISTRICT JUDGE